**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIGUEL VILLANUEVA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF VISALIA, et al.,<br><br>　　　　Defendants. | Case No.: 1:23-cv-00757 JLT BAM<br><br>ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Doc. 19) |

Miguel Villanueva, Aurora Villanueva, Esmeralda Alvarez Martinez, and Emanuel Villanueva allege that in the early hours of August 23, 2021, while lawfully cleaning a business property as part of their employment, six Visalia police officers[1] entered the building with firearms drawn and detained Plaintiffs for over thirty minutes. (*See generally* Doc. 15.) Plaintiffs seek to hold the City of Visalia, Visalia Police Department, and the six officers liable for deprivation of their civil rights pursuant to 42 U.S.C. § 1983. (*Id.*)

Defendants move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and dismissal of Plaintiffs' First Amended Complaint under Rule 12(b)(6). (*See* Doc. 19.) They first argue that the allegations against the Visalia Police Department and the City of Visalia are "indistinguishable" and as such, the Department should be dismissed as a duplicative

---

[1] Plaintiffs identify these officers as Antonio Mattos, Sergio Pineda, Lisa Chapa, Marcus Henry, James Cummings, and Chris Fernandes. (*See* Doc. 15 at 3 ¶ 9.)

1

1    defendant. (Doc. 19-1 at 10.) Defendants contend that municipal police departments are generally

2    not considered "persons" within the meaning of § 1983 and that "[c]ourts routinely dismiss police

3    departments as duplicative when the municipality is also a defendant to the same claims, and

4    when the claims arise from the same facts as to both defendants." (*Id*. at 10-11.) Defendants cite

5    case law supporting this position. (*See id*.)[2]

6    Defendants also argue the City of Visalia should be dismissed as the FAC fails to allege

7    facts showing the City engaged in unconstitutional conduct. (*See* Doc. 19-1 at 12.) Specifically,

8    they contend the FAC "is devoid of any facts that would indicate, much less demonstrate, either:

9    (1) 'a longstanding practice or custom which constitutes the standard operating procedure of the

10   local government entity'; (2) a 'widespread practice that, although not authorized by written law

11   or express municipal policy, is so permanent and well-settled as to constitute a custom or usage

12   with the force of law'; or (3) that 'an official with final policy-making authority ratified [one of

13   the officers'] unconstitutional decision or action and the basis for it.'" (*Id*. at 12-13, quoting *Price

14   v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127

15   (1988); *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992).)

16   Defendants next assert that to the extent Plaintiffs attempt to state a Fourth Amendment

17   claim against the individual officers for unreasonable seizure, the alleged facts fail to identify the

18   deprivation of a constitutional right. (Doc. 19-1 at 14-15.) For this reason, Defendants argue that

---

[2] *United States v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005) (Ferguson, J., concurring) (explaining that municipal police departments are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); *Sanders v. Aranas*, 2008 WL 268972, at *3 (E.D. Cal. Jan. 29, 2008) ("Fresno Police Department is not a proper defendant because it is a subdivision of the City of Fresno"); *Brockmeier v. Solano County Sheriff's Dep't.*, 2006 WL 3760276, at *4 (E.D. Cal. Dec. 18, 2006) (finding that sheriff's department is a municipal department and not a proper defendant for purposes of plaintiff's § 1983 claims); *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality") (quoting *Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991), aff'd, 986 F.2d 1429 (10th Cir. 1993)); *Herrera v. City of Sacramento*, 2013 WL 3992497, at *2 (E.D. Cal. Aug. 2, 2013) ("Because the Sacramento Police Department is a department of the City, it is redundant to name both."); *Wade v. Fresno Police Dep't.*, 2010 WL 2353525, at *4 (E.D. Cal. June 9, 2010) (holding a police department is not a "person" under § 1983); *Brouwer v. City of Manteca*, 2008 WL 2825099, at *3 (E.D. Cal. July 21, 2008) ("Because Defendant Manteca Police Department is a subdivision of Defendant City of Manteca, it is an unnecessary duplicative Defendant, and it will be dismissed."); *Daniel v. City of Glendale*, 2015 WL 5446924, at *3 (C.D. Cal. Mar. 19, 2015) (dismissing § 1983 and state law claims against a police department as redundant to the claims against the city).

Plaintiffs are foreclosed from asserting a Fourteenth Amendment claim. (*Id.* at 15.) Finally, Defendants contend that even if the FAC states a valid claim, the officers are entitled to qualified immunity.

Defendants' motion to dismiss was filed on December 13, 2023. (Doc. 19.) Pursuant to Local Rule 230(c), any opposition was due December 27, 2023. Plaintiffs did not file an opposition to the motion. Therefore, the Court deems the motion unopposed. *See* L.R. 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). Considering the non-opposition and for the reasons set forth in Defendants' motion, the motion to dismiss is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Defendants and close the case.

IT IS SO ORDERED.

Dated:   **March 25, 2024**

UNITED STATES DISTRICT JUDGE